UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER


RICKY DEAN HULSEY,

      Plaintiff,

v.                                   4:05-cv-30

CHRIS THORNTON, et al.,

      Defendants.


## MEMORANDUM AND ORDER


The court is in receipt of a *pro se* prisoner's civil rights complaint under 42 U.S.C. §

1983 and an application to proceed *in forma pauperis*.  It appears from the application that

the plaintiff lacks sufficient financial resources to pay the $250.00 filing fee.  Accordingly,

pursuant to 28 U.S.C. § 1915(b)(4), the Clerk is **DIRECTED** to file this action without the

prepayment of costs or fees or security therefor as of the date the complaint was received.

However, for the reasons stated below, process shall not issue and this action is

**DISMISSED**.

Plaintiff is an inmate in the Tennessee Department of Correction.  His complaint was

filed during his confinement in the Lincoln County Correctional Facility.  The defendants are

jail administrator Chris Thornton and jail personnel Shawn Fitch, Julia Content, Gail

Sanders, and Paul King. Plaintiff alleges that defendant Thornton is failing to properly train jail staff as to the policies and procedures set forth in the Lincoln County Jail consent decree. He also claims there is no disciplinary board or grievance committee at the jail.

Plaintiff makes the broad allegation that jail staff is not properly trained. He does not state how jail employees have been improperly trained, nor does he state how he has been harmed by the alleged lack of a disciplinary board. Conclusory allegations, without more, fail to state a claim for which relief can be granted under 42 U.S.C. § 1983. *Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir. 1986); *Smith v. Rose*, 760 F.2d 102 (6th Cir. 1985).

In addition, plaintiff has submitted copies of numerous grievances he filed regarding various conditions of his confinement, including medical care, exercise time, sanitation, telephone privileges, laundry services, and mail delivery. Clearly, there is a grievance procedure at the Lincoln County Correctional Facility, as evidenced by the many grievances plaintiff filed.

Although this court is mindful that a *pro se* complaint is to be liberally construed, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), it is quite clear that the plaintiff has not alleged the deprivation of any constitutionally protected right, privilege or immunity, and, therefore, the court finds his claims to be frivolous under 28 U.S.C. §§ 1915(e) and 1915A. It appears beyond doubt that plaintiff can prove no set of facts which would entitle him to relief, *Malone v. Colyer*, 710 F.2d 258 (6th Cir. 1983), and that plaintiff's claim lacks an arguable basis in law and fact, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Therefore, this action is **DISMISSED** *sua sponte*, as frivolous and for failure to state a claim upon which

2

relief can be granted under § 1983. The court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the FEDERAL RULES OF APPELLATE PROCEDURE.

Because the plaintiff is in the custody of the Tennessee Department of Correction, he is herewith **ASSESSED** the civil filing fee of $250.00. Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of the plaintiff's inmate trust account at the institution where he now resides is directed to submit to the Clerk, U.S. District Court, 800 Market Street, Suite 130, Knoxville, Tennessee 37902, as an initial partial payment, whichever is greater of:

(a)     twenty percent (20%) of the average monthly deposits to the plaintiff's inmate trust account; *or*

(b)     twenty percent (20%) of the average monthly balance in the plaintiff's inmate trust account for the six-month period preceding the filing of the complaint.

Thereafter, the custodian shall submit twenty percent (20%) of the plaintiff's preceding monthly income (or income credited to the plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of two hundred fifty dollars ($250.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

The Clerk is **DIRECTED** to send a copy of this Memorandum and Order to the Warden of the Charles Bass Correctional Complex, the Commissioner of the Tennessee Department of Correction, and the Attorney General for the State of Tennessee to ensure that

3

the custodian of the plaintiff's inmate trust account complies with that portion of the Prison Litigation Reform Act relating to payment of the filing fee. The Clerk is further **DIRECTED** to forward a copy of this Memorandum and Order to the court's financial deputy.

      **E N T E R:**

s/ James H. Jarvis
United States District Judge
